# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SEAN STEVENSON,<br><br>Defendant. | Case No.: 23-cr-2368-AJB<br><br>**PROTECTIVE ORDER** |

Upon joint motion of the parties, pursuant to 18 U.S.C. § 3771(a) and Fed. R. Crim. P. 16(d), and good cause appearing, the Court finds that a protective order is needed to prevent the unauthorized dissemination, distribution, or use of discovery materials containing the personal identifiable information of victims and other third parties, to ensure that the victims in this case are afforded their statutory rights to dignity and privacy, and to protect against further harm to them and other third parties.

IT IS HEREBY ORDERED that the privacy protection measures mandated by 18 U.S.C. § 3771(a) when a case involves who is alleged to be a victim of a crime, or a witness to a crime committed against another person, apply to this case, including but not limited to that:

1. The parties shall not disclose the substance of any discovery material received from the Government to any third party, unless such material is already a matter of public record, without prior approval of this Court.

2. Defense counsel shall review discovery with the defendant and shall not provide a copy of any discovery to defendant or leave a copy of the discovery with defendant.

3. The discovery may not be copied, reproduced, or further disseminated in any way or to any other person or entity who is not a part of the defense team, including defense counsel, paralegals, law clerks, secretaries, experts, investigators, assistants, interpreters, office personnel, and employees of defense counsel. All documents that disclose the name or any other information concerning a child are to be kept in a secure place to which no person who does not have reason to know their contents has access.

4. Nothing contained in this protective order shall prevent the parties from conducting an investigation of the facts of this case, including interviewing or taking statements from witnesses disclosed by the discovery materials.

5. Should counsel withdraw or be disqualified from participation in this case, any material received and any copies derived therefrom shall be returned to the Government within 10 days.

6. The parties shall be required to communicate the substance of this order and explain it to their client and any assistants before disclosing the substance of the discovery to their client or assistants.

IT IS FURTHER ORDERED that all papers to be filed in court that disclose the name of or any other information concerning a child shall be filed under seal without necessity of obtaining a court order. The person who makes the filing shall submit to the clerk of the court:

1. the complete paper to be kept under seal; and
2. the paper with the portions of it that disclose the name of or other information concerning a child redacted, to be placed in the public record.

IT IS FURTHER ORDERED that the defendant, counsel for the defendant, and counsel for the United States shall be provided with a copy of each unredacted charging document and entitled to an unredacted copy of any pleading filed in this case, provided that such pleading is not filed ex-parte.

A KNOWING OR INTENTIONAL FAILURE TO COMPLY WITH THE PRIVACY PROTECTIONS ACCORDED BY 18 U.S.C. § 3771(a) IS A CRIMINAL CONTEMPT PUNISHABLE BY IMPRISONMENT AND OR A FINE PURSUANT TO 18 U.S.C. § 403.

Dated: November 17, 2023

Hon. Anthony J. Battaglia
United States District Judge